# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, ) ) Plaintiff, ) ) v. ) ) MICHAEL VAN HORNBEECK, and ) WILDWOOD HEALTH & WELLNESS ) CENTER, P.C., ) ) Defendants. ) | Case No. 4:17CV02828 AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff PNC Bank, National Association ("PNC") for default judgment against Defendant Wildwood Health & Wellness Center, P.C. ("Wildwood"). For the reasons set forth below, the motion will be denied without prejudice to filing a new motion for default judgment supported by proper evidence as to damages and any attorney's fees sought.

In its complaint, filed on December 6, 2017, PNC alleged that it acquired a promissory note executed by Defendant Michael Van Hornbeeck in the amended principal amount of $313,243.18. PNC further alleges that Hornbeeck breached the terms of the note by failing to pay it in full upon maturity, despite notice and demand by PNC. PNC alleges that as of November 17, 2017, after applying all credits, the principal sum of $258,474.50, plus accrued and unpaid interest of $9,719.72, plus late charges of $460.90, plus PNC's attorneys' fees and costs, remain due and owing under the note.

PNC alleges that the note was secured by a guaranty dated May 12, 2012, executed

by Wildwood, whereby Wildwood guaranteed the full and punctual payment and satisfaction of Hornbeeck's indebtedness pursuant to the note. According to the complaint, Wildwood refused to satisfy the terms of the guaranty, despite PNC's demand for payment. In addition, PNC alleges that Wildwood breached the terms of another loan PNC acquired – a Credit Line Agreement – in the amount of $35,000, by refusing to pay the balance due loan as of November 17, 2017, in the amount of $26,988.65, including interest and late fees, plus interest accruing thereon at the per diem rate of $6.15.

PNC sought judgment against PNC in the amounts owing on the guaranty of the note and on the Credit Line Agreement, plus attorney's fees and costs. PNC attached to the complaint copies of the note, the note guaranty, the Credit Line Agreement, the documents showing PNC's acquisition of the foregoing, and demand letters.

Plaintiff voluntarily dismissed Hornbeeck, and on April 3, 2018, the Clerk of Court entered default as to Wildwood. PNC now seeks default judgment against Wildwood, based on the allegations in the complaint.

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation omitted). Here, the allegations set forth in the complaint, taken as true, establish that Wildwood beached the guaranty and the Credit Line Agreement. However, allegations of damages are subject to a higher degree of proof than other factual allegations in a complaint, and "[d]amages may be proven by a sworn affidavit and supporting

documentation. *St. Louis–Kansas City Carpenters Reg'l Council v. Joseph Constr., Inc.*, No. 4:16-CV-00929-AGF, 2016 WL 6524342, at *2 (E.D. Mo. Nov. 3, 2016). Here, PNC has not submitted such evidence showing its damages.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment against Defendant Wildwood Health & Wellness Center, P.C., is **GRANTED** with respect to liability, and **DENIED** with respect to damages. (ECF No. 7.)

**IT IS FURTHER ORDERED** that Plaintiffs shall, within **14 days** of the date of this Memorandum and Order, file all necessary affidavits and documentation to establish the amount of their damages, as well as of attorney's fees and costs it seeks.

Failure to comply with this Order may result in the denial of Plaintiffs' motion for default judgment as to damages, and the dismissal of Plaintiff's complaint without prejudice for failure to prosecute and failure to comply with a court order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of May, 2018.